**United States District Court**
**District of Columbia**

| | |
|---|---|
| **Citizens United**, *Plaintiff*, v. **Federal Election Commission**, *Defendant*. | Case No.  07-2240-RCL<br><br>THREE-JUDGE COURT |

**Motion to Consolidate Hearings on Preliminary Injunctions and Merits**

Plaintiff Citizens United move to consolidate the hearing on its *Second Motion for Preliminary Injunction* with the trial on the merits of its *Amended Complaint*. Fed. R. Civ. Proc. 65(a)(2). Plaintiff also moves to consolidate the hearings on its two preliminary injunction motions (Doc. #5 & #23) at one hearing and to consolidate that hearing with the trial on the merits. Plaintiff has conferred with legal counsel for the FEC and they take no position citing inadequate time to consider. LCvR 7(m).

Dated: December 21, 2007.

    Respectfully submitted,

    /s/ James Bopp, Jr.
    James Bopp, Jr., D.C. Bar #CO0041
    Richard E. Coleson*
    Jeffrey P. Gallant*
    Clayton J. Callen*
    BOPP, COLESON & BOSTROM
    1 South Sixth Street
    Terre Haute, IN 47807-3510
    812/232-2434 telephone
    812/234-3685 facsimile
    * *Pro Hac Vice Motion pending*
    Counsel for Plaintiffs

**Motion to Consolidate**

United States District Court
District of Columbia

| | |
|---|---|
| **Citizens United**, *Plaintiff*, v. **Federal Election Commission**, *Defendant*. | Case No. 07-2240-RCL<br><br>THREE-JUDGE COURT |

# Memorandum in
# Support of Motion to Consolidate

*Points and Authorities*

**A.     Resolution of This Case Turns on Purely Legal Issues.**

This case presents the concise legal questions of whether **(a)** the broadcast of *Hillary: The Movie* ("*Hillary*") and the "Questions" Ad may be prohibited as an Electioneering Communication under § 203 of the Bipartisan Campaign Reform Act of 2002 ("BCRA"), **(b)** whether the disclosure and disclaimer requirements of BCRA § 201 and § 311 are unconstitutional as applied to *Hillary* and Citizens United's Advertisements ("Ads") promoting *Hillary*, and **(c)** whether BCRA § 203 is facially unconstitutional. *See Amended Complaint* ¶¶ 34-42. This case does not require any factual inquiry regarding the intent or effect of *Hillary* and the Ads. On the contrary, this court should look only to the "objective. . . substance of the communication[s]."*FEC v. Wisconsin Right to Life*, 127 S. Ct. 2652, 2666 (2007) ("*WRTL II*"). *WRTL II* recognized that any intent or effect analysis would result in a "burdensome, expert driven inquiry" and would "unquestionably chill a substantial amount of political speech." *Id. WRTL II* also noted that unnecessary discovery places "a severe burden" on the First

**Memorandum in Support of Consolidation**    1

Amendment. *Id.* at 2666 n. 5.

All the facts necessary to resolve this case are contained in Citizens United's *Amended Complaint*. Thus, the only issue to resolve is whether, based on the substance of *Hillary* and the Ads, the FEC may constitutionally regulate them.

**B.     Consolidation of the Hearings Will Preserve Judicial Resources
        and Facilitate Expedition.**

Consolidating the hearings will allow the Court to avoid repetitive presentations of evidence. The drafters of Rule 65(a)(2) noted that consolidation "can be exercised with particular profit when it appears that a substantial part of the evidence offered on the application [for a preliminary injunction] will be relevant to the merits . . . ." Fed. R. Civ. P. 65(a)(2) 1966 advisory committee's note. In such cases the use of a "routine"accelerated trial "preserve[s] judicial resources and save[s] the parties from wasteful duplication of effort." *See NOW v. Operation Rescue*, 747 F. Supp. 760, 768 (D.D.C. 1990). Numerous courts have recognized the utility of Rule 65(a)(2) consolidation. *See, e.g., West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1229 (8th Cir. 1986) ("This procedure is a good one, and we wish to encourage it"); *Bright v. Nunn*, 448 F.2d 245, 247 n.1 (6th Cir. 1971) (consolidation is appropriate when material facts are uncontested); *U.S. ex rel. Goldman v. Meredith*, 596 F.2d 1353, 1358 (8th Cir. 1979) (trial on merits was not justified and consolidation was proper because the only disputed question was one of law); *Pughsley v. 3750 Lake Shore Drive Cooperative Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972) (when discovery is concluded or unnecessary "consolidation may serve the interests of justice").

Here, Plaintiff Citizens United will present the same facts at any hearing on the merits as

**Memorandum in Support of Consolidation    2**

it will at a preliminary injunction hearing. And, as set out above, this case turns on purely legal issues. Thus, in determining Plaintiff's two preliminary injunction motions this court will have before it the same facts, arguments, and legal analysis as it would for a trial on the merits. Consolidation will therefore preserve judicial time and effort by avoiding duplicative hearings.

Additionally, consolidating the hearings will help ensure an expeditious resolution to Citizens United's claims. Recognizing that extended litigation deters First Amendment claims, the BCRA commands that constitutional challenges such as this are to be "advance[d] on the docket and . . . expedite[d] to the greatest possible extent." *See* BCRA § 403(a)(4), 116 Stat. 113-14.  The stated goal of as-applied challenges, "to resolve disputes quickly without chilling speech through the threat of burdensome litigation," applies here. *WRTL II*, 127 S. Ct. at 2666 n. 5. Consolidating the hearings on the *Motions for Preliminary Injunction* with the merits would permit Citizens United a full opportunity to be heard on the merits in an expedited manner.

C.     **Consolidation Will Not Unfairly Prejudice the FEC**

Consolidating the hearings will not deprive the FEC of its right to notice and a full and fair opportunity to be heard. By granting this motion the court will put the FEC on notice well ahead of any scheduled hearing. Further, as noted above, Citizens United's claim presents simple and concise questions of law. The typical schedule for a preliminary injunction will provide the FEC with more than sufficient time to prepare any opposition. Thus, the notice given to the FEC for the hearing on the Preliminary Injunctions will also be sufficient to decide this cause on the merits.

In sum, because of the purely legal nature of this case, preservation of judicial resources, the need for an expedited resolution and adequate notice to the FEC, granting the *Motion for*

**Memorandum in Support of Consolidation**    3

*Consolidation* is appropriate. Citizens United asks this Court to hear argument on both its preliminary injunction motions at one hearing, and to consolidate that hearing with the trial on the merits.

Dated: December 21, 2007.

Respectfully submitted,

/s/ James Bopp, Jr.
James Bopp, Jr., D.C. Bar #CO0041
Richard E. Coleson*
Jeffrey P. Gallant*
Clayton J. Callen*
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510
812/232-2434 telephone
812/234-3685 facsimile
* *Pro Hac Vice Motion pending*
Counsel for Plaintiffs

United States District Court
District of Columbia

| **Citizens United**,<br><br>      *Plaintiff*,<br>*v.*<br>**Federal Election Commission**,<br>      *Defendant*. | Case No. 07-2240-RCL<br><br>THREE-JUDGE COURT |
|---|---|

**Order Granting Motion to Consolidate**

It is hereby ORDERED that the Plaintiffs' *Motion to Consolidate the Hearings on Preliminary Injunctions and Merits* is GRANTED for the reasons stated in the Plaintiff's motion.

SO ORDERED this ____ day of _____2007.

_____
United States Circuit Judge

_____
United States District Judge

_____
United States District Judge

**Order**

Distribution:

James Bopp, Jr.
jboppjr@aol.com
Richard E. Coleson
rcoleson@bopplaw.com
Jeffrey P. Gallant
jgallant@bopplaw.com
Clayton J. Callen
ccallen@bopplaw.com
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510


Thomasenia P. Duncan
Adav Noti
Steve N. Hajjar
FEDERAL ELECTION COMMISSION
999 E Street, NW
Washington, D.C.  20436