**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CITIZENS UNITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-2240 (RCL) |
| | ) | |
| FEDERAL ELECTION COMMISSION, | ) | MOTION FOR EXTENSION |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO**
**PLAINTIFF'S SECOND MOTION FOR PRELIMINARY INJUNCTION**

Defendant Federal Election Commission ("Commission") respectfully moves this Court

for an extension of time to respond to plaintiff's Second Motion for Preliminary Injunction.

Under LCvR 65.1(c), the Commission's response to plaintiff's motion is due in eight days (five

days plus three days due to manner of service), *i.e.*, by January 7.  The Commission requests that

the Court extend the date for the Commission's response to plaintiff's motion by ten days, to

January 17.

Plaintiff has been planning to air its movie in the early presidential primary states for at

least eleven months, but did not file its Complaint and three initial motions, including a motion

seeking a preliminary injunction against enforcement of portions of the Federal Election

Campaign Act ("FECA"), until December 13, 2007.  (*See* FEC's Mem. in Opp. to Prelim. Inj. at

2, 37 [Docket No. 18 at 10, 45].)  In light of the complex constitutional issues involved in

plaintiff's first motion for a preliminary injunction, the Commission requested that plaintiff

negotiate a schedule for the case so that the Commission could have an extension of the five-day

response period that governs preliminary injunction motions under LCvR 65.1(c) (without three

additional days in that instance due to service via hand delivery).  Plaintiff did not agree to any extension, and the Commission, expending herculean efforts in a very compressed time frame during the holiday season, drafted and filed a forty-two-page opposition brief (as well as oppositions to plaintiff's two other motions) on December 20.

Today, December 21, plaintiff informed the Commission of its plan to file later this day an amended complaint and three additional motions, including a second motion for a preliminary injunction.  The Commission again requested that plaintiff consent to an extension of time to respond, and plaintiff refused the consent to any extension of time whatsoever.  (*See* Noti Decl. ¶¶ 3-9 (attached as an exhibit hereto).)  Plaintiff then filed its amended complaint and motions between 4:30 p.m. and 5:03 p.m. EST.  The only events that have purportedly precipitated plaintiff's newfound emergency need for relief are: 1) an alleged sudden opportunity for plaintiff to pay to have its movie aired on cable television, (Am. Ver. Complt. ¶ 28); and 2) a comment in the Commission's preliminary injunction opposition that the Commission had insufficient time to consider whether one of plaintiff's three ads qualifies under the Commission's regulation implementing the recent *Wisconsin Right to Life* Supreme Court decision (*id.* ¶ 32), a question — as the Commission pointed out — that was not necessary to address since the other two ads placed plaintiff's "constitutional claim squarely before the Court," (FEC's Mem. in Opp. to Consolidation of the Trial on the Merits With the Hearing On the Preliminary Injunction at 8-9 [Docket No. 19 at 8-9]).[1]

Even under normal circumstances, it would be very difficult to respond fully to plaintiff's second motion for preliminary injunction within eight days.  The issues raised in plaintiff's motion are complicated and, in large part, different from the issues briefed in the earlier motion.

---

[1]     Plaintiff cites (Am. Ver. Complt. ¶ 32) incorrectly to a different Commission filing.

The second preliminary injunction motion involves not just the "electioneering communication" disclosure requirements of FECA as applied to advertisements, but also the disclosure requirements as applied to an entire movie, the "electioneering communication" financing requirements as applied to the movie, and a facial challenge to those financing requirements.  A facial challenge to those financing requirements was a major portion of the recently completed *McConnell* litigation, one of the longest decisions in the histories of both this Court and the Supreme Court.  Plaintiff now asks that the Commission brief those issues again in the span of a couple weeks.

In addition, these are not normal circumstances:  Plaintiff — in a breathtaking display of gamesmanship — refused the Commission's request for *any* accommodation as to its response date after waiting until 5:03 p.m. on the last business day before the Christmas holiday to file its motion.  The great majority of Commissioners and Commission staff, including most of the undersigned counsel, have pre-planned vacations and will be geographically dispersed for their respective holiday observances.  Without an extension, the preparation of an adequate response would require the cancellation of a number of vacations.  Given the flimsy rationale for the new urgency, and the fact that plaintiff has essentially manufactured any need for expedition by delaying the filing of its Complaint, the default timeline for preliminary injunction briefing is not appropriate here.  In addition, undersigned counsel, like all attorneys, must consult with their clients in the course of preparing a response (and particularly so in this case, which implicates several important and complex matters of Commission policy).  Such consultation burdens not just counsel, but also the party, in this case the public servant Commissioners, and makes drafting a complete brief during the holidays extremely difficult.  Requiring the Commission to respond to plaintiff's motion within eight days will present enormous, and possibly

insurmountable, logistical difficulties that will greatly reduce the Commission's ability to respond effectively to plaintiff's motion on behalf of the people and government of the United States.

For the foregoing reasons, the Commission respectfully requests that the Court issue an order requiring the Commission to file its opposition to Plaintiff's second motion for preliminary injunction no later than January 17, 2008.[2]

<div style="margin-left: 45%;">

Respectfully submitted,

Thomasenia P. Duncan (D.C. Bar No. 424222)
General Counsel

David Kolker (D.C. Bar No. 394558)
Associate General Counsel

   /s/ Kevin Deeley
Kevin Deeley
Acting Assistant General Counsel

Adav Noti (D.C. Bar No. 490714)
Attorney

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
999 E Street NW
Washington, DC 20463
(202) 694-1650

</div>

Dated:  December 21, 2007

---

[2]     The Commission does not request an extension of time to respond to plaintiff's Motion to Consolidate Hearings on Preliminary Injunctions and Merits [Docket No. 24] or Motion to Seal Exhibit 2 of Amended Complaint [Docket No. 21].  If the plaintiff had shown "facts which make expedition essential," the Court would hold a hearing by January 10, 2008 under LCvR 65.1(d) "unless the court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties."  With respect to its request for a preliminary injunction, plaintiff has failed to establish "the facts which make expedition essential" and a later hearing date would not "prejudice the parties," therefore the Court need not schedule a hearing, if any, by January 10.  *Id.*  *Cf.* FEC's Mem. in Opp. to Prelim. Inj. at 2, 37 [Docket No. 18 at 10, 45] (plaintiff delayed in bringing first preliminary injunction motion).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS UNITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 07-2240 (RCL) |
| ) | |
| FEDERAL ELECTION COMMISSION, ) | DECLARATION |
| ) | |
| Defendant. ) | |

**DECLARATION OF ADAV NOTI**

1.      I am an attorney in the Litigation Division of the Office of the General Counsel of the Federal Election Commission ("Commission").

2.      I submit this declaration in support of the Commission's Motion for Extension of Time to Respond to Plaintiff's Second Motion for Preliminary Injunction.

3.      On December 21, 2007, at approximately 9:45 a.m., I received a telephone call from Mr. Clayton Callen, counsel for plaintiff Citizens United in this action.

4.      During this call, Mr. Callen informed me that plaintiff would be filing (a) an amended complaint, (b) a second motion for a preliminary injunction, (c) a motion to consolidate the consideration of the preliminary injunction motions with a determination on the merits, and (d) a motion to seal an exhibit.  Mr. Callen asked me to inform him of the Commission's position on plaintiff's three motions no later than noon.

5.      At approximately 12:00 p.m., I called Mr. Callen and informed him that the Commission had not had a sufficient opportunity to determine its position on the motions.  I also informed Mr. Callen that I would call him back to discuss the briefing schedule regarding plaintiff's second preliminary injunction motion.

6.      At approximately 1:45 p.m., I called Mr. Callen and asked him if plaintiff would consent to a two-week extension of the Commission's deadline to respond to plaintiff's second preliminary injunction motion.

7.      Mr. Callen stated that plaintiff would not consent to a two-week extension.

8.      I asked Mr. Callen if plaintiff would consent to any extension.

9.      Mr. Callen stated that plaintiff would not consent to any extension.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 21, 2007

_____
Adav Noti (D.C. Bar No. 490714)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____ )
                                 )
CITIZENS UNITED,                 )
                                 )
                Plaintiff,       )
                                 )
        v.                       )    Civ. No. 07-2240 (RCL)
                                 )
FEDERAL ELECTION COMMISSION,     )
                                 )
                Defendant.       )
_____ )

**ORDER**

This matter having come before the Court upon defendant Federal Election

Commission's Motion for Extension of Time to Respond to Plaintiff's Second Motion for

Preliminary Injunction, and the Court having read and considered defendant's motion, it is

hereby

ORDERED that defendant's motion for extension is GRANTED; and

Defendant's opposition shall be served and filed on or before January 17, 2008.


_____
UNITED STATES CIRCUIT JUDGE


_____
UNITED STATES DISTRICT JUDGE


_____
UNITED STATES DISTRICT JUDGE