United States District Court
District of Columbia

| | |
|---|---|
| **Citizens United**, *Plaintiff*, <br><br> v. <br><br> **Federal Election Commission**, *Defendant*. | Case No. 07-2240-RCL <br><br> THREE-JUDGE COURT |

## Opposition to Defendant's Motion for Extension of Time to Respond to Plaintiff's Second Motion for Preliminary Injunction

Granting an extension for the Commission's response is contrary to Congress's mandate in enacting the Bipartisan Campaign Reform Act of 2002 ("BCRA"), is contrary to the Supreme Court's treatment of constitutional challenges to the BCRA, and would further chill Citizens United's speech. Recognizing the First Amendment interests at stake, the BCRA requires that constitutional challenges are to be "advance[d] on the docket and. . . expedite[d] to the greatest possible extent." *See* BCRA § 403(a)(4), 116 STAT 113-14. Similarly, the Supreme Court requires that as-applied challenges to the BCRA must enable the "parties to resolve disputes quickly without chilling speech through the threat of burdensome litigation." *See FEC v. Wisconsin Right to Life*, 127 S. Ct. 2652, 2666 (2007) ("*WRTL II*").

Granting the Commission an extension would deprive Citizens United of an expedited resolution to its claims extending the chill on its political speech. Despite Citizens United's desire to immediately begin broadcasting its advertisements and film while public interest is at its peak, it will not do so absent timely judicial relief. *Amended Complaint* at ¶¶ 20-31 (Doc. No. 22). Each passing day results in a costly lost opportunity for Citizens United. The facts of this

**Opposition to Time Extension**

case exemplify why Congress and the Supreme Court have provided for rapid judicial relief.

Contrary to the assumption of the Commission, the timing of Citizens United's filings were not "gamesmanship." *See FEC's Mot. for Extension* at 3 (Doc. No. 25). As described in the amended complaint, the facts giving rise to Citizens United's new claims did not develop until December 20, 2007. Counsel for Citizens United immediately began preparing the necessary filings and filed them as soon as completed. While the Commission describes protecting Citizens United's First Amendment rights from irreparable harm as a "flimsy rationale," they urge extension in order to accommodate "pre-planned vacations." *See id.* at 3. Citizens United's ability to participate in protected political speech must take precedent.

The Commission itself has recognized the importance of the expedited preliminary injunction schedule to protect Citizen United's rights. In objecting to "additional expedition," the Commission noted that the "plaintiff's motion for preliminary injunction, through the procedures set forth in the federal and local rules, will provide for [] rapid consideration of temporary relief for plaintiff's expansive claims. . . ." *FEC's Response to Plaintiff Citizens United's Motion to Expedite* at 2 (Doc. No. 20). Now the Commission urges that the same preliminary injunction schedule is unfair and seeks an extension.

Extending the Commission's time to respond from the normal 5 days to 15 days would work a continued injustice on Citizens United. Citizens United desires to broadcast immediately, including weekends and holidays. Thus, allowing the Commission an extension from the properly scheduled date of January 2, to January 17, would delay judicial relief by an additional 15 days. Such a delay is inconsistent with the First Amendment, the Supreme Court's holding in *WRTL II*, the expressed intent of Congress, and the specific facts of this case, all of which urge

**Opposition to Time Extension**                        2

expedition.

Because the Commission received electronic service of the *Second Motion for Preliminary Injunction* on December 21, 2007, LCvR 5.4(d), their opposition is due no later than January 2, 2008. LCvR 65.1(c). Citizens United respectfully requests that the *Motion for Extension of Time to Respond to Plaintiff's Second Motion for Preliminary Injunction* be denied.

Dated: December 26, 2007.

                                                    Respectfully submitted,

                                                    /s/ James Bopp, Jr.
                                                    James Bopp, Jr., D.C. Bar #CO0041
                                                    Richard E. Coleson*
                                                    Jeffrey P. Gallant*
                                                    Clayton J. Callen*
                                                    BOPP, COLESON & BOSTROM
                                                    1 South Sixth Street
                                                    Terre Haute, IN 47807-3510
                                                    812/232-2434 telephone
                                                    812/234-3685 facsimile
                                                    * *Pro Hac Vice Motion pending*
                                                    Counsel for Plaintiff

United States District Court
District of Columbia

| | |
|---|---|
| **Citizens United**, *Plaintiff*, v. **Federal Election Commission**, *Defendant*. | Case No. 07-2240-RCL<br><br>THREE-JUDGE COURT |

**Order Denying Motion for Extension**

It is hereby ORDERED that Defendant's Motion for Extension of Time to Respond to Plaintiff's Second Motion for Preliminary Injunction is DENIED.

SO ORDERED this _____ day of _____2007.

_____
United States Circuit Judge

_____
United States District Judge

_____
United States District Judge

**Order**

Distribution:

James Bopp, Jr.
jboppjr@aol.com
Richard E. Coleson
rcoleson@bopplaw.com
Jeffrey P. Gallant
jgallant@bopplaw.com
Clayton J. Callen
ccallen@bopplaw.com
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510


Thomasenia P. Duncan
Adav Noti
Steve N. Hajjar
FEDERAL ELECTION COMMISSION
999 E Street, NW
Washington, D.C.  20436