United States District Court
District of Columbia

| | |
|---|---|
| **Citizens United**, <br>    1006 Pennsylvania Ave., SE <br>    Washington, DC 20003, <br><br>                                  *Plaintiff*, <br><br>**v.** <br><br>**Federal Election Commission**, <br>    999 E Street, NW <br>    Washington, DC 20463**,** <br><br>                                  *Defendant*. | Case No. 07-2240-RCL <br><br> THREE-JUDGE COURT |

## Motion for Leave to File Affidavit of David N. Bossie

Citizens United moves for leave to file the attached affidavit of David N. Bossie, and states the following in support:

1. Citizens United has provided the Court with verified facts in both its original (Doc. #1) and amended (Doc. #22) complaints.

2. Due to the fluid and rapidly-changing nature of Citizens United's documentary work and the context in which it occurs, Citizens United wishes to update the factual pattern, which would assist the Court in deciding this case.

3. Local Civil Rule 65.1(c) provides that a preliminary injunction motion "shall be supported by all affidavits on which the plaintiff intends to rely," so Citizens United seeks leave to file this additional affidavit.

4. The facts verified in the present affidavit are prospective in nature and so do not alter the analyses on which Citizens United and the FEC have relied in their briefing, so that

**Motion for Leave to File Affidavit**                    1

there is no harm to the FEC by this filing.

5. Counsel for Citizens United have consulted with FEC counsel concerning this motion and are authorized to represent that the FEC objects to this motion.

For the reasons stated, Citizens United prays that the Court grant this motion and consider the attached *Affidavit of David N. Bossie* filed with this Court.

Respectfully submitted,

/s/ James Bopp, Jr.
James Bopp, Jr., D.C. Bar #CO0041
Richard E. Coleson
Jeffrey P. Gallant
Clayton J. Callen
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510
812/232-2434 telephone
812/234-3685 facsimile
*Counsel for Plaintiff*

United States District Court
District of Columbia

| | |
|---|---|
| **Citizens United**, 1006 Pennsylvania Ave., SE Washington, DC 20003, *Plaintiff*, v. **Federal Election Commission**, 999 E Street, NW Washington, DC 20463, *Defendant*. | Case No. 07-2240-RCL THREE-JUDGE COURT |

# Affidavit of David N. Bossie

I, David N. Bossie, declare as follows:

1. I am the Chairman of the Board and President of Citizens United.

2. I have personal knowledge of Citizens United and its activities, and if called upon to testify I would competently testify as to the matters stated herein.

3. The documentary film *Hillary: The Movie* was completed on January 4, 2008, and was released to members of the news media in DVD format.

4. *Hillary* is currently scheduled to be shown in theaters on the following dates in the cities indicated: January 14, 2008 (Washington, District of Columbia); January 16, 2008 (New York, New York); January 17, 2008 (Las Vegas, Nevada); January 22, 2008 (Greenville, South Carolina); January 30, 2008 (Phoenix, Arizona); February 2, 2008 (Santa Ana, California). More theater screenings are anticipated.

5. *Hillary* is currently available for sale at www.hillarythemovie.com for $23.95 (plus

shipping & handling) with patrons requested to allow two weeks for delivery. *Hillary* is available for pre-order at www.amazon.com for $19.99 (plus shipping & handling), with a release date of January 15, 2008.

6. Based on long experience with marketing Citizens United's documentaries, it is my opinion that Citizens United's inability to broadcast the ads set out in the complaint (the ads are available for viewing at www.hillarythemovie.com) is decreasing sales of *Hillary* DVDs and tickets for theater screenings. In fact, it is impossible to do the usual theatrical release in numerous theaters due to the inability to broadcast the advertisements.

7. Citizens United continues to plan to broadcast its ads for *Hillary* during electioneering communication periods before presidential primaries, the Democratic Party convention, and the general election in numerous states as soon as the requested judicial relief is received, all as set out and verified in its original and amended complaints.

8. Citizens United is planning a documentary film on presidential candidate Senator Barack Obama, which it anticipates being ready for release by June 2008. It will raise similar issues as *Hillary*, and Citizens United will similarly wish to broadcast ads that name Senator Obama and will be broadcast during electioneering communication periods. The ads and movie, if broadcast, will be electioneering communications. However, it is impossible to present the movie and ads to the Court now in a request for declaratory and injunctive relief because they are not prepared for the Court to review. The ads cannot even be prepared in advance because they will be based on materials from the movie, which is not ready now.

9. Citizens United could not obtain an FEC advisory opinion now, or in the near future, concerning the Senator Obama documentary because the documentary is not finished,

the ads cannot yet be done, and there are not enough FEC Commissioners presently to enable the FEC to render advisory opinions.

10. Citizens United does not know now whether it will be offered an opportunity to broadcast the Obama documentary on television, as it was offered just recently for *Hillary*, and such offers are usually made when a movie is completed or nearly completed.

11. Citizens United will be chilled as to the Obama documentary and its ads, just as it has been chilled with respect to *Hillary* and its ads, based on how the FEC has analyzed the present 30-second ad "Questions" and *Hillary*.

12. After considerable time evaluating Questions, the FEC said that (a) it was uncertain as to whether the ad fit a safe harbor, but (b) "on balance" it was a protected ad under *FEC v. Wisconsin Right to Life*, 127 S. Ct. 2652 (2007) ("*WRTL II*"). *See* Doc. #33 at 17. This analysis indicates a *balancing* of unidentified factors.

13. As to *Hillary*, the FEC declared it was not protected by *WRTL II* from prohibition, based on identified phrases without mentioning any balancing. *See* Doc. #33 at 14. This analysis apparently differed from the balancing used as to Questions.

14. The FEC's delay and imprecision in analysis of these two communications, lack of bright lines, and apparent substitution of a balancing test for *WRTL II*'s no-other-reasonable-interpretation test makes it impossible for Citizens United to know whether the FEC will consider its Obama documentary and ads to be subject to prohibition as electioneering communications.

15. I verify under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

**Affidavit of David N. Bossie**            5

Executed on January 9, 2008.

/s/ David N. Bossie
David N. Bossie
Citizens United

**Affidavit of David N. Bossie**              6

United States District Court
District of Columbia

| | |
|---|---|
| **Citizens United**, *Plaintiff*, <br> *v.* <br> **Federal Election Commission**, *Defendant*. | Case No. 07-2240-RCL <br><br> THREE-JUDGE COURT |

**Order Granting Motion for Leave to File Affidavit**

It is hereby ORDERED that the Plaintiffs' *Motion for Leave to File Affidavit of David N. Bossie* is GRANTED for the reasons stated in the Plaintiff's motion. The Clerk is directed to file the affidavit.

SO ORDERED this ____ day of _____ 2008.

_____
United States Circuit Judge

_____
United States District Judge

_____
United States District Judge

**Order**

Distribution:

James Bopp, Jr.
jboppjr@aol.com
Richard E. Coleson
rcoleson@bopplaw.com
Jeffrey P. Gallant
jgallant@bopplaw.com
Clayton J. Callen
ccallen@bopplaw.com
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510


Thomasenia P. Duncan
Adav Noti
Steve N. Hajjar
FEDERAL ELECTION COMMISSION
999 E Street, NW
Washington, D.C.  20436