UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS UNITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 07-2240 (ARR, RCL, RWR) |
| ) | |
| FEDERAL ELECTION COMMISSION, ) | JOINT REPORT |
| ) | |
| Defendant. ) | |

## 1. JOINT REPORT OF THE PARTIES PURSUANT TO LCvR 16.3(d)

Pursuant to LCvR 16.3 and Fed. R. Civ. P. 26(f), Plaintiff Citizens United and Defendant Federal Election Commission ("Commission") conferred on March 12, 2008, and hereby jointly file the following report. This report identifies the subsections of LCvR 16.3(c) as to which the parties were able to reach agreement and states the separate positions of the parties where agreement could not be reached.

This action consists of (a) two as-applied challenges to the Federal Election Campaign Act's disclosure requirements for electioneering communications ("ECs"), 2 U.S.C. § 434(f)(2), 441d; (b) two as-applied challenges to the EC corporate funding restriction, 2 U.S.C. § 441b(a),(b)(2); and (c) a facial challenge to the funding restriction. Plaintiff sought preliminary injunctions against the Commission's enforcement of each of the challenged provisions, and this Court denied Plaintiff's motions. Plaintiff appealed to the Supreme Court the denial of a preliminary injunction as to the disclosure requirements. On March 24 the Supreme Court dismissed the appeal for lack of jurisdiction. In addition, the Commission has moved to dismiss Plaintiff's as-applied challenges to the funding restriction.

With respect to the matters enumerated in LCvR 16.3(c), the parties report as follows:

1.  Both parties believe that the case is likely to be disposed of by dispositive motions. The Commission has filed a motion to dismiss two of Plaintiff's claims and does not intend to conduct discovery regarding those claims until this Court rules on the motion.

2.  The parties agree that any motion to amend the pleadings or join additional parties shall be filed no later than March 24, 2008.

3.  The parties agree that this case should not be assigned to a magistrate judge.

4.  The parties agree that there is no realistic possibility of settling the case.

5.  The parties agree that the Court's ADR procedures would not benefit this action.

6.  The parties agree that this action is likely to be resolved by cross-motions for summary judgment. The parties disagree as to the schedule for such briefing.

    a.  <u>Plaintiff's position</u>

In order to accommodate a decision on the motions prior to the Electioneering Communication blackout period (July 29-Aug. 28) leading up to the Democratic National Convention, the Plaintiff proposes that staggered summary judgment briefing commence no later than one week after the close of discovery, with the following briefing schedule:

> Plaintiff's motion shall be filed no later than May 8, 2008.
>
> The Commission's motion and response to Plaintiff's motion shall be filed no later than May 29, 2008.
>
> Plaintiff's reply in support of its motion and response to the Commission's motion shall be filed no later than June 19, 2008.
>
> The Commission's reply in support of its motion shall be filed no later than July 3, 2008.

      b.    <u>Defendant's position</u>

The Commission proposes that staggered summary judgment briefing commence no later than three weeks after the close of discovery, with the following briefing schedule:

> Plaintiff's motion shall be filed no later than July 18, 2008.
>
> The Commission's motion and response to Plaintiff's motion shall be filed no later than August 8, 2008.
>
> Plaintiff's reply in support of its motion and response to the Commission's motion shall be filed no later than August 29, 2008.
>
> The Commission's reply in support of its motion shall be filed no later than September 12, 2008.

7.    The parties agree that initial disclosures shall be served no later than March 26, 2008.

8.    Plaintiff may seek a protective order regarding its response to Defendant's request for information about contract offers relating to public distribution of Plaintiff's Movies. *See* Commission's First Set of Interrogatories at ¶ 8. The parties agree that there is no need for any other protective orders at this time. The parties disagree as to the duration of discovery.

      a.  <u>Plaintiff's position</u>

Plaintiff believes that because the issues presented in this case are legal in nature, and the need for expedited relief, all discovery should be completed by May 1, 2008. This provides sufficient time for the Defendant to conduct the limited discovery appropriate in this case. At this time, Plaintiff does not anticipate conducting any discovery.

      b.     Defendant's position

At the present time, the Commission intends to conduct party discovery regarding (a) the financing and distribution of Plaintiff's films and advertisements, and (b) Plaintiff's as-applied challenge to the electioneering communication disclosure requirements, particularly any alleged threats, harassment, or reprisals against persons associated with Plaintiff. (The Commission currently does not intend to seek the identities of any individuals allegedly subject to such threats, harassment, or reprisals.) The Commission also requires time to develop a factual record regarding Plaintiff's facial challenge to the electioneering communication financing restriction and possibly to conduct some discovery regarding that claim, potentially including third-party and/or expert discovery. Should either of Plaintiff's claims at issue in the motion to dismiss survive, the Commission may require some limited discovery regarding those claims. To provide sufficient time for this discovery, including the resolution of any potential motions related thereto, the Commission proposes that discovery should conclude on June 30, 2008.

9.     The parties disagree as to the timing of expert discovery.

      a.     Plaintiff's position

Plaintiff proposes that expert reports, if any, be exchanged no later than April 24, and expert depositions, if any, be conducted between April 24, 2008, and May 1, 2008. Plaintiff does not anticipate conducting any expert discovery.

      b.     Defendant's position

The Commission proposes that expert reports, if any, be exchanged no later than June 16, 2008 (i.e., two weeks prior to the end of discovery), and expert depositions, if any, be conducted between June 17, 2008, and June 30, 2008.

10.    This is not a class action.

11.   The parties agree that this action should not be bifurcated.

12.   Because this case is likely to be decided on cross-motions for summary judgment, the parties agree that there is no need to schedule a pretrial conference.

13.   Because this case is likely to be decided on cross-motions for summary judgment, the parties agree that there is no need to set a trial date.

14.   The parties agree that service of all discovery requests, responses, and correspondence shall be made exclusively by e-mail, courier, or overnight commercial carrier. The parties also agree to modify the default rules regarding the timing of discovery responses and motions as follows:

> Responses and objections to a discovery request shall be served no later than 14 days after the request is served.
>
> If a motion to compel is filed, any response to that motion shall be filed no later than seven days after the motion is filed.  Any reply brief shall be filed no later than three business days after the response is filed.

Respectfully submitted,

| | |
|---|---|
|    /s/ James Bopp, Jr._____ <br> James Bopp, Jr., D.C. Bar #CO0041 <br> Richard E. Coleson <br> Jeffrey P. Gallant <br> Clayton J. Callen <br> Bopp, Coleson & Bostrom <br> 1 South Sixth Street <br> Terre Haute, IN 47807-3510 <br> 812/232-2434 <br> *Counsel for Plaintiff* | Thomasenia P. Duncan (D.C. Bar No. 424222) <br> General Counsel <br><br> David B. Kolker (D.C. Bar No. 394558) <br> Associate General Counsel <br><br> Kevin Deeley <br> Assistant General Counsel <br><br>    /s/ Adav Noti_____ <br> Adav Noti (D.C. Bar No. 490714) <br> Attorney <br><br> COUNSEL FOR DEFENDANT <br> FEDERAL ELECTION COMMISSION <br> 999 E Street NW <br> Washington, DC 20463 <br> (202) 694-1650 |

Dated: March 26, 2008

United States District Court
District of Columbia

| | |
|---|---|
| **Citizens United**, <br> *Plaintiff*, <br> v. <br> **Federal Election Commission**, <br> *Defendant*. | Case No. 07-2240 (ARR, RCL, RWR) <br><br> THREE-JUDGE COURT |

**[Proposed] Scheduling Order**

It is hereby ORDERED that discovery and briefing in the above captioned case will proceed according to the following schedule:

❏ **Plaintiff's Proposed Schedule**:

All discovery should be completed by May 1, 2008, with all expert reports, if any, to be exchanged no later than April 24, and expert depositions, if any, to be conducted between April 24, 2008, and May 1, 2008. Parties shall file cross-motions for summary judgment according to the following schedule:

- Plaintiff's motion shall be filed no later than May 8, 2008.

- The Commission's motion and response to Plaintiff's motion shall be filed no later than May 29, 2008.

- Plaintiff's reply in support of its motion and response to the Commission's motion shall be filed no later than June 19, 2008.

- The Commission's reply in support of its motion shall be filed no later

**Order**

than July 3, 2008.

❏    **Defendant's Proposed Schedule**

All discovery should conclude on June 30, 2008, with expert reports, if any, to be exchanged no later than June 16, 2008 (i.e., two weeks prior to the end of discovery), and expert depositions, if any, to be conducted between June 17, 2008, and June 30, 2008. Parties shall file cross-motions for summary judgment according to the following schedule:

- Plaintiff's motion shall be filed no later than July 18, 2008.

- The Commission's motion and response to Plaintiff's motion shall be filed no later than August 8, 2008.

- Plaintiff's reply in support of its motion and response to the Commission's motion shall be filed no later than August 29, 2008.

- The Commission's reply in support of its motion shall be filed no later than September 12, 2008.

SO ORDERED this ____ day of _____ 2008.

_____
United States Circuit Judge

_____
United States District Judge

_____
United States District Judge

**Order**