UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS UNITED, ) | |
|       Plaintiff, ) | |
| v. ) | Civ. No. 07-2240 (ARR, RCL, RWR) |
| FEDERAL ELECTION COMMISSION, ) | JOINT MOTION FOR |
| ) | PROTECTIVE ORDER |
|       Defendant. ) | |

**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Citizens United and Defendant Federal Election Commission ("Commission") hereby jointly move the Court for entry of the attached protective order. The protective order requires that certain information that Plaintiff will produce to the Commission be treated as confidential within the meaning of the protective order.

The parties stipulated to the protective order after Plaintiff objected to producing information responsive to the Commission's request for details regarding "the contract offer mentioned in Paragraph 28 of the Amended Complaint." Plaintiff objected to production of the information on several grounds, including that "the negotiations [regarding the offer] were confidential and CU reasonably fears that making the offer public might cause it to be withdrawn or might interfere with CU receiving similar future offers." Plaintiff agreed, however, to produce the requested information if the Commission stipulated to a protective order for that information. In an effort to compromise and reduce the likelihood of any discovery litigation, the Commission has agreed to the entry of a protective order.

Accordingly, the parties respectfully request that this joint motion for entry of the attached protective order be granted.

Respectfully submitted,

| | |
|---|---|
| /s/ James Bopp, Jr. | Thomasenia P. Duncan (D.C. Bar No. 424222) |
| James Bopp, Jr., D.C. Bar #CO0041 | General Counsel |
| Richard E. Coleson | |
| Jeffrey P. Gallant | David B. Kolker (D.C. Bar No. 394558) |
| Clayton J. Callen | Associate General Counsel |
| Bopp, Coleson & Bostrom | |
| 1 South Sixth Street | Kevin Deeley |
| Terre Haute, IN 47807-3510 | Assistant General Counsel |
| 812/232-2434 | |
| *Counsel for Plaintiff* | /s/ Adav Noti |
| | Adav Noti (D.C. Bar No. 490714) |
| | Attorney |
| | |
| | COUNSEL FOR DEFENDANT |
| | FEDERAL ELECTION COMMISSION |
| | 999 E Street NW |
| | Washington, DC 20463 |
| | (202) 694-1650 |

Dated:  April 15, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS UNITED, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 07-2240 (ARR, RCL, RWR) |
| FEDERAL ELECTION COMMISSION, | ) ) | Protective Order |
| Defendant. | ) ) | |

**[PROPOSED] PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), upon joint motion of Plaintiff Citizens United and Defendant Federal Election Commission ("Commission"), and for good cause, it is hereby ordered that:

1. The documents and information referred to in Plaintiff's response to the Commission's Interrogatory No. 8 are designated as Confidential Information.

2. Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

   (a) the attorneys for the parties in this action; their paralegals, clerical and other assistants who have a clear need therefor in connection with this action; and outside contractors hired to copy, image, index, sort, or otherwise manage the storage and retrieval of case materials;

   (b) persons retained by a party or outside counsel to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action (referred to as "consultants"), provided such persons have signed a

        declaration under penalty of perjury attesting to the fact that they have read this Order and agree to be bound by its terms;

    (c)    witnesses employed or formerly employed by the producing entity in the course of an interview, deposition, or testimony in the reasonable and good faith belief of counsel that examination with respect to the Confidential Information is necessary for legitimate discovery purposes;

    (d)    Commissioners of the Commission, and their personal staff;

    (e)    stenographers engaged to transcribe depositions conducted in this action; and

    (f)    the Court and its support personnel.

3.    If the Commission contends that the documents or information produced pursuant to this Order should not be entitled to confidential status, the Commission shall consult with Plaintiff in an effort to resolve the issue informally. If efforts at informal resolution are not successful, the Commission may, by motion, request that the Court remove the confidential designation for specific information, documents, or portions of documents. Pending a ruling on such motion by the Court, the information shall continue to be treated as confidential pursuant to this Protective Order.

SO ORDERED.

_____, 2008

_____
United States Circuit Judge A. Raymond Randolph

_____
United States District Judge Royce C. Lamberth

_____
United States District Judge Richard W. Roberts